# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-60652
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2026

Lyle W. Cayce
Clerk

Johanna Briseyda Vasquez Bonilla,

*Petitioner*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 635 404

———————————————————

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Johanna Briseyda Vasquez Bonilla, a native and citizen of El Salvador, petitions for review of the July 2025 decision of the Board of Immigration Appeals (BIA) denying her motion to reopen. We review the BIA's decision under "a highly deferential abuse-of-discretion standard." *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60652

Vasquez Bonilla does not brief any argument challenging the BIA's determination that the motion to reopen was number barred as to her claim that she lacked notice of the hearing at which she was ordered removed in absentia. She has thus waived any such argument and fails to show that the BIA abused its discretion in denying reopening on that claim. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Regarding her claim relating to changed country conditions in El Salvador, we do not consider evidence here that is not part of the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A). Additionally, Vasquez Bonilla has failed to make a meaningful comparison between El Salvador's earlier and recent country conditions that demonstrates the requisite material change. *See Garcia v. Garland*, 28 F.4th 644, 649 (5th Cir. 2022); *Nunez*, 882 F.3d at 508-10. Lastly, we lack jurisdiction to review the BIA's denial of sua sponte regulatory reopening. *See Garcia-Gonzalez v. Garland*, 76 F.4th 455, 465 (5th Cir. 2023) (noting that, given the entirely discretionary nature of sua sponte reopening, this court has repeatedly held that circuit courts lack jurisdiction over denials by the BIA to reopen proceedings sua sponte.).

The petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.